This case doesn't involve a lot of issues. We believe it involves one very simple issue that can be resolved quite easily by this panel by simply referring to a very recent case that was decided by the Ninth Circuit, and that is the eminence opinion that we highlighted in our reply brief. What's the name of it again? Eminence, Your Honor. I have it right here. If you'd like this site, I can give it to you. It's 316 F. 3rd at 1048. What you have before you is a case that arose out of the district court in Nevada where Judge Mahan did something that, quite frankly, in PSLRA litigation is unprecedented, and that is he basically held that the Private Securities Litigation Reform Act was a one-shot statute. In other words, you had one chance to plead, and that if you didn't meet the strict pleading requirements of the PSLRA, you were subject to dismissal, and not only dismissal, but dismissal with prejudice. May I ask you a record-type question? Assuming that it's not a one-shot deal, okay, the question is, at any time to the district court, did you make any proffer, basically, of the additional facts that could be pled, or were you given leave to amend? Yes, I believe we did, Your Honor, and I think in addressing that question, I need to kind of look back at the procedural history. You know, the complaint was filed, and none of the defendants attacked it initially on, you know, PSLRA grounds. Right. And, in fact, if you look at the motion that was filed by the EREC's defendants, I mean, they talk about what the theory of the complaint is against them, so they understood that. Judge Mahan invited the parties to address the PSLRA issue. Right. Okay. At that point, the complaint's filed. Motion to dismiss attacking the complaint on jurisdictional grounds is filed. That is briefed, and in the opposition to that motion, this PSLRA issue arises. Judge Mahan says, well, let's just address that now. There's subsequent briefing, and then there's an issue that arises in regard to my prior counsel's conflict status, and so then we step into the case, like, two weeks or so before the hearing. The briefing is done, and at that point, and Judge Mahan acknowledges this in one of the transcripts, that we're basically left with no choice but to try to defend the original complaint. Now, at that point, when I looked back on the challenge to the complaint, what it appeared to me that both sides were arguing, or both defendants were arguing, was that the complaint was simply too general, that we didn't delineate what party said what on what day. It was a lumped complaint, if you will. And I told Judge Mahan that that type of a complaint is easily cured. All that is required is for us to go back and, instead of lumping all the defendants together, say, for example, Defendant Dilley said this on such-and-such day. So that's a simple cure. He didn't determine at the hearing that amendment would be futile. Yeah, okay. I mean, is – I think there was – after he dismissed without leave, or with prejudice, did you file a motion for relief from that order? Yes, we did. I mean, we were surprised when we got – And in that motion, did you indicate the respects in which the complaint could be amended? Were you given leave? In the hearing. What – and again, I think I have to look at this from a procedural standpoint. I've read all the hearing stuff. Okay. We go to the hearing. Yeah. The judge says the case is going to be dismissed. Based upon the existing law at that time, we figure that the dismissal is going to be without prejudice. I understand. So at that point, what – the worst we're going to, you know, end up with is a chance to just file a new action. Right. But he then dismisses it with prejudice. There's nothing to amend at that point. We have to then attack that ruling. So we tell Judge Mahan that legally you've gone too far. Right. Okay. And so we then submit to him our brief saying, you know, you can dismiss the claim. That's within your discretion. If it's – if you determine that the complaint's not compliant with the PSLR – I understand all that. Okay. The question is, did you, in connection with that motion for relief from that order, make any – did you indicate in any respect what additional facts could be pled in order to cure the deficiency? Yes. Just like I did here. The deficiency – Well, see, I don't know what that is. I just keep hearing, well, it's easy to cure. And that's my concern. I mean, right now – I mean, today, can you say what you would do if you were given leave to amend? Yes. We would go back and address the deficiencies by Judge Mahan, which were you lumped the defendants together. We will plead that, for example, Mr. Dilley on this day said that to this person, you know, with that state of mind. Okay. And that's the sole basis for their objection to the complaint. And it's not like the defendants didn't understand what was – the nature of the claims being made against them. I'll quote from the motion filed by the EREC's defendants. The core theory underlying all of plaintiff's claims is that the defendants fraudulently induced plaintiffs to purchase EREC stock by issuing false statements to the public with regard to material information concerning EREC's projected completion date. Plaintiff's core theory is nonsense when they go through that. They understood the nature of the allegations. Their objection was purely one as to lumping everybody together. Well, yeah, which is a fairly significant objection under the Reform Act. And we're not challenging Judge Mahan's finding, but what he did was he went too far. There's not a case out there. I truly understand your point, and I just want to – so what you're doing now is representing that if given a chance to amend, you would be able to spell out chapter and verse of who said what. When and how. When and how and why it's fraudulent. Absolutely. And you've got those hardcore facts in your possession without discovery because what you said in the district court was, well, we can't do it without discovery, and that's not allowed under the Reform Act. I agree with you. Well, I didn't say that, predecessor counsel. But, I mean, that's what was said on the record. I think he intimated that. And we understand what the requirements of the Reform Act are. And, again, I think that goes to a good point because the defendants were arguing, you know, that they were going to be prejudiced by allowing us the opportunity to amend. And I indicated that to Judge Mahan at the hearing. I said, give us 30 days. Let us bring forth an amended complaint. They will – if they don't like it, they can challenge it on a motion. We're not off to the discovery races. You can't engage in a fishing expedition once a motion is filed, so there's no prejudice. At least give us one chance to amend. He wouldn't even give us that. And, again, when I look back on it, you know, had he said, as other courts have, that, you know, this complaint cannot be amended like in one of the cases that they cited, a predicate for the act – for the action had to be the sending of a letter. Okay? The letter was never sent. No amount of amendment would ever cure that defect. Okay? That amendment there would be tootled. Here, by definition, the type of defect we have can be easily cured. It's a specificity problem. It's not an underlying fact problem. I agree it can be easily cured if you've got the facts available to you. But we believe we have the facts available to us, Your Honor. But, again, procedurally, when my case is dismissed with prejudice, okay, my first, I think, order of business is to go back and tell the court, look, you prevented me. The best way to do that, I would think, is to go in and say, look, you prevented me, and if you hadn't prevented me, look what I could have plead. I mean, I would have actually attached it and said, you know, here it is. Here, I can plead these facts. It's not, it's neither futile nor is it appropriate for you to keep me out of court. Well, I think I did argue that at the hearing. And, I mean, I'll even quote from the transcript from Judge, here's what Judge Mahan says. He says, you know, Mr. Pacheco did on June 1st, 1902 or whatever day it is, these are the specific things he did. What the complaint did was it said, here's all these bad things and all these people did it. Those defects, by definition, can be easily cured. There's no way that this judge on this record could determine that amendment would be futile. Okay? And procedurally, again, this case, this issue arose kind of in an awkward way, and I felt that the first thing I had to do was go back and seek relief from his order, dismissing the case with prejudice, because on a dismissal with prejudice, what do I have to amend? So that was a legal issue. I thought Judge Mahan had gone too far. And that's why I think this appeal is fairly narrow. And under the eminence case, I think the Ninth Circuit makes it clear that you have more than one shot to plead a claim under the PSLRA. So you're not pursuing an appeal that he goofed on the merits of the dismissal? No. I think that, you know, Judge Mahan had the discretion. That is as to the 34 Act? No. That issue, that's in the brief. We think he made a mistake in dismissing the 33 Act. No. I said the 34 Act. That is as to the 34 Act. Yes. Yes, Your Honor. But you do pursue appeal with respect to the 33 Act. Yes. And that's a very narrow issue. Which seems crystal clear. Right. Okay. Well, on the 33 Act, your argument is the PSLRA does not apply. Yes. But doesn't Rule 9b still apply? Federal? If you're asserting a fraud claim, absolutely. Rule 9b applies. And then you would have the specificity requirements. Sure. And, again, it goes back to the who, what, when, where. Okay. And we would need to comply with that as well. But he made no findings on that. He just ---- It was PSLRA and you're out. Okay. One shot, you're gone. And there's no ---- I don't care how you construe this record, that's what happened. There's one complaint. Interesting. And a dismissal with prejudice. And there's no case that's been decided anywhere where a party has been thrown out of court with prejudice after one shot at complying with the PSLRA. I think I misspoke in saying that the 33 Act dismissal was crystal clear. I mean, it is with respect to the applicability of the Reform Act. But it isn't clear that Lebrecht, a claim against the attorney, can be stated under the 33 Act. Indeed, it seems pretty clear that it cannot be. Do you agree with that now? Yes. I mean, the ---- Okay. The issue we're attacking is a dismissal with prejudice. If we can ---- No, no. I'm talking about as to Lebrecht. Are you talking about the aiding and abetting issue? I'm talking about whether an attorney can be a seller for purposes of the 33 Act. And it seems pretty clear it can't be. I agree. If they're operating in their capacity solely as an attorney, you're correct, Your Honor. Actually, the situation here is that we believe these attorneys are much more involved in the dispute. Well, that's why I said if it's ---- Well, we agree that you cannot put a lesser claim for them simply being attorneys. We believe that they are doing what they ---- Okay. Yeah, okay. Thank you. That's why I said if they're purely acting in the capacity as an attorney, Your Honor is correct. If they go beyond that and take other actions, get involved in matters beyond just purely acting as an attorney, then we think they can be subject to liability. Again, that's all something that we would have to assess in our pleading, which we would be governed under Rule 11 and all the other rules that apply. All we're asking for is one chance to come in and address the deficiencies highlighted by Judge Mahan, and I think eminence mandates that result. Okay. And I'll reserve the rest of my time for rebuttal. Thank you. Surely. Mr. Smith. Honorable members of the Court, my name is Jay Smith. I have a somewhat difficult position today. I expected Mr. Sanchez to be here on behalf of the EREC's defendants and the corporate parties. He is not. I attempted to contact his office. I got a disconnected number. So my remarks, of course, are on behalf of my clients, Brian Lebrecht and his law firm. And even though much of what I happen to say will coincidentally apply to the other parties, I'm here in my capacity as the attorney for Mr. Lebrecht. I assume, obviously, you agree that the 33 Act has to be reversed, except to the extent that your client is an attorney and therefore not a seller. I cannot speak for the other defendants. The 33 Act claims there were two that were raised. One was a Section 5 claim which requires the defendant to be a seller. My client was outside legal counsel. He could not possibly be a seller. That one I understand even Mr. Ferroio agrees has to go. The other claim under the 33 Act is the Section 17 claim, which is the anti-fraud position. And there's no private cause of action for that one. There's no private cause of action for that, so that has to go as well. Correct. Now, how it applies to EREC's may perhaps those folks would be determined to be sellers, and I can't, as I say, speak to that issue. But certainly as it pertains to my client and Mr. Lebrecht and his law firm, those issues could not possibly go forward against my client. Okay. Do you have an argument with respect to leave to amend? Yes, I do. To me, this is very clear that the Court not only dismissed the case properly but dismissed it with prejudice without leave to amend. At the very first hearing on this issue, and it was before Mr. Ferroio got involved, the attorney got up and advised the Court that only discovery will let us know what happened with regard to this particular defendant, my client. And so I think it would be premature under the Act for the plaintiffs to suggest that we would adequately frame additional allegations against Lebrecht without any additional discovery. That was the first position that was made known at the very first hearing. There were three subsequent hearings and at least a half a dozen briefs since that time. Not in not one single hearing or in one single brief did these folks ever come back and retract or modify or reverse that statement or position. And not once, in answer to your original question, did they provide the Court, if you gave us a chance to amend the complaint, here is what we could add. And just like in their opening statement in that first hearing, they said, we work on what we know, district courts work on what they know. And based on this record, Judge Mahan looked at what was presented to him and said, I'm trying to throw you a lifeline. You tell me what you can do. You told me nothing. That tells me you have nothing. That clearly is a finding of futility. That clearly is a correct ruling in this particular case. And I don't know how – and even when they talk about the eminence decision, let me address that for just a minute. I do recognize – Let me just clarify that. Yes. Did they say we need further discovery at any time at the last hearing? There was no indication of a request in the transcript for additional discovery, Your Honor. Well, of course it's not. There's a stay of discovery, so you don't get any. At that point in time, certainly there is a dismissal in place. Oh, I didn't mean that. I mean under the Reform Act with a motion to dismiss on the table. Correct. Even in the motion for relief – and this is important because we get to the time of the fourth hearing and they have a motion for relief from the order. In that very motion, in two places they ask, we want leave to amend the complaint. Under our local rules of practice, when you ask for leave to amend a complaint, you're required to attach a proposed amended pleading. They failed to do so. And not only did they fail to do that, but they also failed to advise the court, if they were given leave to amend, what they would say with respect to my clients. It's absolutely fundamentally missing from their motion for relief. And even when I raised these issues in my opposition and they prepared a reply brief, it was still missing. So they had nothing. And by the time it got around to the fourth hearing, the court, the Judge Mahan, was very exasperated. And he was looking up saying, you know, what do you want me to do here? I've given you opportunity after opportunity after opportunity. No one has told me what you would do to remedy the defects in this complaint. And that's where I get to the eminence case and why I think it's very – a couple of distinguishing factors in the eminence case. We have several cases of the Ninth Circuit which do affirm dismissals with prejudice. The Lipton case. These were all cited in my brief. Vantive case. But the difficulty is that in those cases, there have been more than one shot. I don't think that is a difficulty because that was not the dispositive fact. What happened, for example, in Lipton, we had eight complaints that were filed by eight separate parties. They then filed a consolidated amended complaint. The amended complaint was not filed as a result of someone challenging it under the Act. That's the same way in the Vantive case of a couple of years ago. In the Ronconi, which Your Honor sat on a couple of years ago, we have amendments, yes, but not because they are challenged under the Act. In the Lipton case, in the Vantive case, those are the first complaints that were challenged under the Act, and no further amendment was allowed. And in the eminence case, two important distinctions, one which Your Honor hit upon in eminence, they specifically told the Court, we have an offer of proof as to what we could do to remedy the defect. And they provided those facts and additional information to the Court. And the Court ignored that. And this Court said, well, if that's – if the Court ignores that, maybe that constitutes an abuse of discretion. The second thing in eminence that we don't have in our case is there was nothing on the record to suggest why the Court ruled as the Court did. And so those two things are distinguishing factors, and they're very important distinguishing factors from our case because we do have Judge Mahan very carefully telling these folks at this last hearing, this is why I did it, why I did it. Because you have provided me with no additional information. You provided me with no new facts. And secondarily, we have no offer of proof other than we'll separate out the allegations. Well, that's nothing. That doesn't change the defects in the complaints. They didn't come forward as saying we could provide facts A, B, C, and D with regard to Mr. LeBrecht in terms of what statements he made, in terms of how they were relied upon and so forth. Those factors never came before the Court at any hearing, on any motion, and you won't find it in any transcript. And so for that reason, it was clearly within the Court's discretion to rule as it did. I don't know if you have any other questions on this particular issue. It seems like the other issues that I've been prepared to address are no longer an issue in terms of the applicability of the Reform Act. It would seem that way. And I'll let it stand as submitted unless the Court has other questions. I don't think so. Thank you very much. Mr. Ferrario. I just want to address the last point raised by opposing counsel. And he says we never attempted to address the defects in the complaint. That's exactly what we attempted to do. We told the Court that you have criticized the complaint for being too general, and all we need to do to address that is separate out each allegation to each defendant. That's all that was required. That was the only defect raised. And we were never given the opportunity to do that. Of course, to separate out the allegations doesn't do anything. I mean, that's retyping. No, it's not. It's saying Mr. Lebrecht on this day did that. That's their complaint. They're saying when you lump all defendants together, we can't tell whether this applies to us or somebody else. They complain. That's not the deficiency. I mean, really, it goes way beyond that. And date, time, and those types of things. Those defects can be easily cured. And under the eminence case, we think the Ninth Circuit has basically mandated that in a PSLRA action where you have these highly technical pleading requirements that you get more than one shot. And that really is the issue here. And they're not prejudiced. It's not like we're going to go off onto a discovery fishing expedition. If they don't like the next complaint that they have, they're free to challenge that by way of a motion to dismiss. There are plenty of procedural safeguards. And quite frankly, I think, as you can see in the transcript of the last hearing, Judge Mahan was inclined to give us 30 days initially to amend, and then he kind of changed his mind and he basically said the PSLRA is a one-shot-and-out statute. As a purely practical matter, and it would be primarily in the interest of plaintiffs to do this, you know, if you do it the right way and submit an amended complaint and say here's what I can do, then there's a ruling that all comes up at once. The situation that you're asking us to allow to happen now is to send it back without a clue as to what could be pled. A new pleading comes, a new motion to dismiss, and a new appeal. So instead of just one appeal, we got two in four years instead of one. But Judge, I think that would have been avoided had Judge Mahan simply dismissed the case without prejudice. Well, it would have been avoided also if there had been a proposed amended complaint attached to your motion for relief. Then he could have looked at it and said, up or down, and then we have something to look at to see whether his up or down is correct. I understand that. And again, he didn't do that with the original complaint. There's no finding of futility which this circuit requires. And when you're sitting there facing a dismissal with prejudice, what is there to amend? He's told you it's one-shot-and-out. That's the problem. He said it's one-shot-and-out. Sure, but you made an effort to get him to undo that. Exactly, and I told him, as I've told you, that these defects that were highlighted, and again, I think it's very telling they didn't come out and attack this under the PSLRA. Okay? He invites that. I'm just making a general point. I'm a firm believer in opportunity to amend, but I'm also, you know, very conscious of the cost to the system of not doing it according to the numbers. I'm giving the district judge a reasonable shot at a good ruling. In any event, I think we fully understand the situation. And do you have anything else to add? The only thing I would say, Judge, on that last point, is that I don't think Judge Mahan, by dismissing it with prejudice, gave us the shot we needed to come back and present the complaint. And I think that's precisely the issue. Can I ask one question? Yes, sir. As you stand there now, do you have enough information that you think you can assert a 1933 complaint against Lebrecht, the attorneys, and pass the requirements of 9B? Your Honor, we have been analyzing that, and our client is actually here, and we believe that we can put forth an adequate complaint against the Lebrecht defendants. And I can assure you that you will not see generalized complaints. You're not saying you're going to do it or you're not going to do it. If you've got the facts, you'll do it. And if you don't have the facts, they will not be in the amendment. Judge, again, I inherited this, and when I first got into it, I kind of felt like the street sweeper at the parade. But all we wanted was an opportunity to go back and set forth chapter and verse exactly what he's defending. And if we can't do that and it doesn't satisfy me when I'm reading, I'm not going to file a complaint. It's that simple. You've answered my question. Thank you, Your Honor. Thank you. Okay. Thank you, counsel. The matter just argued will be submitted, and the court to stand adjourned. Thank you. Thank you. Thank you. Thank you.
judges: Bright , D.W. Nelson, Rymer